IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
DISTRICT COURT

05 DEC 29  PM 3: 21

T.E. STERN-MARSHALL

BY

| | | |
|---|---|---|
| MARVIN CARTER,<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2-05CV-563<br>JURY |
| AEP ENERGY SERVICES, INC.,<br>d/b/a AMERICAN ELECTRIC<br>POWER CO., INC., and AEP TEXAS<br>CENTRAL COMPANY, AEP TEXAS<br>NORTH COMPANY, d/b/a<br>CENTRAL & SOUTHWEST CORP.<br>*Defendants* | §<br>§<br>§ | |

## DEFENDANTS' AEP ENERGY SERVICES, INC., AEP TEXAS CENTRAL COMPANY AND AEP TEXAS NORTH COMPANY FIRST AMENDED NOTICE OF REMOVAL

Defendants AEP Energy Services, Inc., AEP Texas Central Company and AEP Texas North Company (hereinafter referred to as "Defendants") hereby remove this cause from the 76/276th Judicial District Court of Morris County, Texas to the United States District Court for the Eastern District of Texas, Marshall Division, on the grounds of federal question jurisdiction based on the following:

1.  On December 5, 2005, this action was filed in the 76/276th Judicial District Court of Morris County, Texas bearing Cause Number 22,999 and styled "Marvin Carter v. AEP Energy Services, Inc., d/b/a American Electric Power Co., Inc., AEP Texas Central Company, AEP Texas North Company d/b/a Central and Southwest Corp." There are three defendants named in the suit. They are (i) AEP Energy Services, Inc., (referred to in Plaintiff's Original Petition as "AEP Energy Services, Inc., d/b/a American Electric Power Co., Inc.") (ii) AEP Texas Central Company and (iii) AEP Texas North Company (referred to in Plaintiff's Original Petition as "AEP Texas North Company d/b/a Central and Southwest Corp.") Citation was

issued on December 5, 2005.  All Defendants thereafter were served by certified mail that was postmarked December 5, 2005, and received by agent for service for all Defendants on December 7, 2005.

2.     As indicated above, prior to this removal, the case was pending in the aforementioned state court, the 76/276th Judicial District Court of Morris County, Texas located at 500 Broadnax, Daingerfield, Texas 75638.

3.     This is an employment discrimination case in which Plaintiff claims he was discharged because of his age.  In Plaintiff's Original Petition, Plaintiff asserts a cause of action against the three Defendants under the Age Discrimination in Employment Act, 29 U.S.C. Sections 621-634 ("ADEA"), a federal statute.  See "Cause of Action" Section of Plaintiff's Original Petition, attached as Exhibit C hereto.  Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Section 1331.  Again, the ADEA is a law of the United States.

4.     Because Plaintiff asserts this federal claim, federal question jurisdiction exists and, accordingly, this action is an action that may be removed to this Court pursuant to 28 U.S.C. Section 1441(b).

5.     All three Defendants in this action, AEP Energy Services, Inc., AEP Texas Central Company and AEP Texas North Company, join in this removal.  All three Defendants are represented by the undersigned counsel.  The Plaintiff, Marvin Carter, the only other party to this case, is represented by:

> D. John Leger
> 5718 Westheimer, Suite 1525
> Houston, Texas 77057
> 713-781-5932 (Telephone)
> 713-781-4186 (Telecopier)
> Texas State Bar No. 12168000

6. This notice is being filed within 30 days after service upon the first-served defendant of a copy of Plaintiff's Original Petition and Citation and, accordingly, has been timely filed under 28 U.S.C. § 1446(b).

7. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the action is pending.

8. As provided for by Rule CV-81 of the Local Court Rules for the Eastern District of Texas, attached to this First Amended Notice of Removal and incorporated herein are the following: (1) a document setting forth (a) a list of all parties in the case and the current status of the removed case, (b) a complete list of all attorneys in the action being removed including each attorney's bar number, address, telephone number and parties represented by that attorney, (c) a list of those parties which have requested a trial by jury; and (d) the name and address of the court from which the case is being removed (see Exhibit A attached hereto); (2) a copy of all process served on the Defendants removing the case (see Exhibit B attached hereto); (3) Plaintiff's Original Petition (the only pleading filed in the case) (see Exhibit C attached hereto); and (4) a certified copy of the state court's docket sheet (see Exhibit D attached hereto). In the state court action, there have been no answers filed or orders served on the parties removing the case. A civil cover sheet was furnished to the clerk at the time of the filing of the original notice of removal.

9. As reflected in Plaintiff's Original Petition, Plaintiff has requested trial by jury. No other party has made such a request.

10. Defendants will promptly give Plaintiff written notice of the filing of this first amended notice of removal and are today filing a copy of that notice together with a copy of this first amended notice of removal and attachments with the Clerk of the State Court.

11.    Defendants filed their original notice of removal on December 28, 2005. Defendants file this amended notice of removal to correct an error in the caption to the original notice of removal.   While the error was non-substantive, Defendants nevertheless file this amended notice to correct the error.   "A defendant may freely amend a notice of removal within the thirty day period set out in 28 U.S.C. § 1446(b)."  *Wormley v. Southern Pacific Transp. Co.*, 863 F. Supp. 382, 385 (E.D. Tex. 1994); *see also Strauss v. American Home Prods. Corp.*, 208 F. Supp.2d 711, 717-718 (S.D. Tex. 2002) (same); *Spillers v. Tillman*, 959 F. Supp 364, 372 (S.D. Miss. 1997) ("a defendant is free to amend a notice of removal within the 30-day period"). Since no defendant in this case received service of the petition and citation until December 7, 2005, Defendants are still well within the 30-day period within which they are free to amend their notice of removal.

Dated: December 29, 2005

Respectfully submitted,

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
711 Louisiana, Suite 2300
Houston, Texas  77002
Telephone No.:   (713) 223-2300
Telecopy No.:    (713) 221-1212
E-mail address: bob.nichols@bracewellgiuliani.com

ATTORNEY FOR DEFENDANTS AEP ENERGY
SERVICES, INC., AEP TEXAS CENTRAL
COMPANY AND AEP TEXAS NORTH
COMPANY

OF COUNSEL:
BRACEWELL & GIULIANI LLP

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing Defendants' AEP Energy Services, Inc., AEP Texas Central Company, and AEP Texas North Company First Amended Notice of Removal has been sent to counsel of record by certified mail on this the 29th day of December, 2005, as follows:

D. John Leger
5718 Westheimer, Suite 1525
Houston, Texas 77057-5832

Robert S. Nichols

HOUSTON\1915246.3

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **MARVIN CARTER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2-05CV-563** |
| | § | **JURY** |
| **AEP ENERGY SERVICES, INC.,** | § | |
| **d/b/a AMERICAN ELECTRIC** | § | |
| **POWER CO., INC., and AEP** | § | |
| **TEXAS CENTRAL COMPANY,** | | |
| **AEP TEXAS NORTH COMPANY,** | | |
| **d/b/a CENTRAL & SOUTHWEST** | | |
| **CORP.** | | |
| *Defendants* | | |

## DEFENDANTS' AEP ENERGY SERVICES, INC., AEP TEXAS CENTRAL COMPANY and AEP TEXAS NORTH COMPANY DISCLOSURE TO THE CLERK OF COURT UNDER LOCAL RULE CV-81

Defendants, AEP Energy Services, Inc., AEP Texas Central Company and AEP Texas North Company, provide the following information to the Clerk of Court, as required by Local Rule CV-81:

i)      <u>List of Parties to the Case</u>

Marvin Carter
Plaintiff

AEP Energy Services, Inc. (referred to in Plaintiff's Original Petition as "AEP Energy Services, Inc., d/b/a American Electric Power Co., Inc.");
AEP Texas Central Company; and
AEP Texas North Company (referred to in Plaintiff's Original Petition as "AEP Texas North Company d/b/a Central and Southwest Corp.")
Defendants

ii)     <u>Current Status of Removed Case</u>

Pending

iii)    <u>Attorneys Involved in the Action</u>

<u>Attorney for Plaintiff Marvin Carter:</u>

D. John Leger
Leger & Burke, P.C.
5718 Westheimer, Suite 1525
Houston, Texas 77057
713-781-5932 (Telephone)
713-781-4186 (Telecopier)
Texas State Bar No. 12168000

Attorney for Defendants AEP Energy Services, Inc., AEP Texas Central
Company and AEP Texas North Company:
Robert S. Nichols
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002
713-221-1259 (Telephone)
713-221-1212 (Telecopier)
Texas State Bar No. 15006400
E-mail address: bob.nichols@bracewellgiuliani.com

iv)     Parties Who Have Requested a Jury

Plaintiff, Marvin Carter

v)      Name and Address of the Court From Which the Action is Being Removed

76th/276th Judicial District Court of Morris County, Texas
500 Broadnax, Daingerfield, Texas 75638

vi)     Motions Pending in State Court

None

Dated: December 29, 2005

Respectfully submitted,

OF COUNSEL:
BRACEWELL & GIULIANI LLP

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone No.: (713) 223-2300
Telecopy No.: (713) 221-1212
E-mail address: bob.nichols@bracewellgiuliani.com

ATTORNEY FOR DEFENDANTS AEP ENERGY
SERVICES, INC., AEP TEXAS CENTRAL
COMPANY AND AEP TEXAS NORTH
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendants' AEP Energy Services, Inc., AEP Texas Central Company, and AEP Texas North Company Disclosure to the Clerk of Court Under Local Rule CV-81 has been sent to counsel of record by certified mail on this the 29th day of December, 2005, as follows:

D. John Leger
5718 Westheimer, Suite 1525
Houston, Texas 77057-5832

Robert S. Nichols

# EXHIBIT "B"

# CITATION BY CERTIFIED MAIL
## CAUSE NO. 22,999

**CLERK OF COURT**

Gwen Oney
500 Broadnax
Daingerfield, TX  75638

**ATTORNEY FOR PLAINTIFF/PLAINTIFF**

D. John Leger
5718 Westheimer, Suite 1525
Houston, TX 77057-5832

STATE OF TEXAS
COUNTY OF MORRIS
Certified to be a true and correct copy
of the original in my custody

*Gwen Oney*
Gwen Oney Clerk of District
Court

By_____Deputy

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

## TO:  AEP ENERGY SERVICES, INC., d/b/a AMERICAN ELECTRIC POWER CO., INC.  Registered Agent: C.T. Corporation, 350 N. St. Paul Street, Dallas, TX 75201

**DEFENDANT GREETINGS:**
You are commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before ten o'clock a.m. (10:00 a.m.) of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 76/276TH District Court of Morris County, Texas at the Courthouse of said County in Daingerfield, Texas

Said Plaintiff's Petition was filed in said court on the 5th of December, A D., 2005 numbered 22,999 on the docket of said court, and styled:

## MARVIN CARTER
## VS.
## AEP ENERGY SERVICES, INC., d/b/a AMERICAN ELECTRIC POWER CO., INC. AND
## AEP TEXAS CENTRAL COMPANY, AEP TEXAS NORTH COMPANY d/b/a CENTRAL & SOUTHWEST CORP.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part thereof

The officer executing this writ shall promptly mail the same ac mandates thereof, and make due return as the law directs

Issued and given under my hand and seal of said Court at Daingerf

Attest: GW
Morris Cou

By:_____

## CERTIFICATE OF DELIVER

I hereby certify that on the 5th of December, 2005, at 5:00 o'clock P.M. certified mail, with delivery restricted to addressee only return receipt copy of the petition attached thereto

_____
Deputy

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

12-5-05

Postmark
Here

22,999

Sent To  *AEP Energy Services Inc.*

Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7004 1450 0004 1449 6450

## CITATION BY CERTIFIED MAIL
### CAUSE NO. 22,999

STATE OF TEXAS
COUNTY OF MORRIS

Certified to be a true and correct copy
of the original in my custody

*Gwen Oney*

Gwen Oney  Clerk of Dist
Court

By_____ Deputy

**CLERK OF COURT**

Gwen Oney
500 Broadnax
Daingerfield, Texas  75638

**ATTORNEY FOR PLAINTIFF/PLAINTIFF**

D. John Leger
5718 Westheimer, Suite 1525
Houston, Tx 77057-5832

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you "

### TO: AEP Texas Central Co./AEP Texas North Co. d/b/a Central & Southwest Corp., Registered Agent: C.T. Corporation, 350 N. St. Paul Street, Dallas, Tx 75201

DEFENDANT GREETINGS:
You are commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before ten o'clock a.m (10:00 a.m.) of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 76/276TH District Court of Morris County, Texas at the Courthouse of said County in Daingerfield, Texas

Said Plaintiff's Petition was filed in said court on the 5th of December, A.D., 2005 numbered 22,999 on the docket of said court, and styled:

### MARVIN CARTER
### VS.
### AEP ENERGY SERVICES, INC., d/b/a AMERICAN ELECTRIC POWER CO., INC. AND AEP TEXAS CENTRAL COMPANY, AEP TEXAS NORTH COMPANY d/b/a CENTRAL & SOUTHWEST CORP.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part thereof.

The officer executing this writ shall promptly mail the same as mandates thereof, and make due return as the law directs

Issued and given under my hand and seal of said Court at Dainge

Attest: GV
Morris Cou

By:_____

### CERTIFICATE OF DELIVER

I hereby certify that on the 5th of December, 2005 at 5:00 o'clock P.M certified mail, with delivery restricted to addressee only return receip copy of the petition attached thereto

_____ Deputy

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

12-5-05
Postmark
Here

22,999

Sent To  AEP Tx Central Co + AEP Tx North Co
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *22,999*

1. Article Addressed to:

AEP TX Central Co. +
AEP TX North Co.
Registered Agent: C.T. Corp.
350 N. St. Paul Street
Dallas, Tx  75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    DEC 07 2005     ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   CT CORPORATION

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number    7001 2510 0009 1443 4643
   (Transfer from service )

PS Form 3811, August 2001       Domestic Return Receipt       102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *22,999*

1. Article Addressed to:

AEP Energy Services Inc.
Registered Agent: C.T. Corp.
350 N. St. Paul Street
Dallas, Tx  75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X DEC 07 2005     ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   CT CORPORATION

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number    7001 2510 0009 1443 4650
   (Transfer from service label)

PS Form 3811, August 2001       Domestic Return Receipt       102595-02-M-1540

# EXHIBIT "C"

FILED FOR RECORD
AT/0:00 O'CLOCK A M

DEC 0 5 2005

GWEN ONEY
DISTRICT CLERK MORRIS COUNTY
DEPUTY

CAUSE NO 22999

MARVIN CARTER                    §        IN THE DISTRICT COURT

vs                               §

AEP ENERGY SERVICES, INC.,       §        MORRIS COUNTY, TEXAS
d/b/a AMERICAN ELECTRIC POWER
CO., INC. and                    §
AEP TEXAS CENTRAL COMPANY,
AEP TEXAS NORTH COMPANY,         §
d/b/a CENTRAL & SOUTHWEST CORP        76/276TH   JUDICIAL DISTRICT

STATE OF TEXAS
COUNTY OF MORRIS
Certified to be a true and correct copy
of the original in my custody

Gwen Oney, Clerk of Dist
Court
By _____ Deputy

### ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARVIN CARTER (hereafter CARTER), Plaintiff, complaining of

AEP ENERGY SERVICES, INC., d/b/a AMERICAN ELECTRIC POWER CO., INC., AEP

TEXAS CENTRAL COMPANY and/or AEP TEXAS NORTH COMPANY d/b/a

CENTRAL & SOUTHWEST CORP., Defendants, and for cause of action would show:

### Discovery Control Plan

Pursuant to Tex. R. Civ. P. 190, *et seq.*, discovery will be conducted under Level 3.

### Parties

MARVIN CARTER ["Carter"], is an individual residing in Morris County, Texas.

Defendant, AEP ENERGY SERVICES, INC., d/b/a AMERICAN ELECTRIC

POWER CO., INC., are foreign business corporations doing business in Morris County,

Texas, where service of citation may be had by service on the registered agent for service,

CT Corporation, 350 N. St. Paul Street, Dallas, TX 75201.

Defendants, AEP TEXAS CENTRAL COMPANY, and AEP TEXAS NORTH COMPANY, d/b/a CENTRAL & SOUTHWEST CORP., are domestic corporations doing business in Morris County, Texas, where service of citation may also be had by service on registered agent for service, CT Corporation, 350 N. St. Paul Street, Dallas, TX 75201.

### Venue

The conduct made the basis of this action occurred in whole or in part in Morris, County, Texas, and therefore, venue is proper in this county.

### Cause of Action

Defendant is an "employer" as that term is defined in the Texas Commission on Human Rights Act ["TCHRA"] and the Age Discrimination in Employment Act ["ADEA"], employing more than five hundred (500) "employees", as that term is defined in the TCHRA and the ADEA, during the times relevant to the matters made the basis of this lawsuit.

On February 28, 2005, CARTER was fired from his job with Defendants as a Material Planner. At the time of his firing, CARTER had worked for Defendants for more than 25 years. He was experienced and the most qualified person in the company to perform his job. Over the 25 years period of his employment, CARTER never received a warning of poor job performance or a warning of termination. On the contrary, he was repeatedly told his performance was good and he was universally recognized at the company as the most knowledgeable person in his job. Suddenly, without prior notice of any kind, CARTER was

relieved from his job duties and reassigned to a place where he had virtually no duties. He was further told that he could not perform *any* of his prior duties, even if asked to do so by co-employees in need of his services. Then, on February 28, 2005, CARTER was discharged; again, without notice of any kind; and further, without a stated reason or cause

At the time of his discharge, CARTER was 58 years of age. His duties were assigned to one or more persons who are believed to be under 40 years of age and considerably less experienced. Since his discharge, CARTER continues to receive requests from his younger successors on how to perform the job's duties. To his credit, CARTER has provided the help requested.

## Age Discrimination – TCHRA

The conduct of Defendants, as set out herein, constitutes violations of the TCHRA in that Defendants discriminated against CARTER because of his age. CARTER's age was a motivating factor in Defendants' decision to terminate CHARTER's employment.

## TCHRA Damages

As a result of Defendants' age discrimination, CARTER has suffered damages by way of loss of back pay and benefits, front pay and benefits, and other pecuniary and non-pecuniary compensatory damages in the past and in the future. Such damages include mental anguish, emotional distress, humiliation, and loss of enjoyment of life.

Additionally, this discrimination was carried out with malice or reckless indifference to CHARTER's state protected rights and therefore justifies an award of punitive damages.

### Age Discrimination – ADEA

The conduct of Defendants, as set out herein, constitutes violations of the TCHRA in that Defendants discriminated against CARTER because of his age. CHARTER's age was a motivating factor in Defendants' decision to terminate CHARTER's employment

### ADEA Damages

As a result of Defendants' age discrimination, CARTER has suffered damages by way of loss of back pay and  benefits, front pay and  benefits, and other pecuniary and non-pecuniary compensatory damages in the past and in the future. Such damages include mental anguish, emotional distress, humiliation, and loss of enjoyment of life.

Additionally, this discrimination was carried out willfully and therefore justifies an award of liquidated damages.

### Attorney's Fees

The conduct of Defendants, as described herein, has made it necessary for CARTER to employ the undersigned attorney to file and prosecute this legal action  Accordingly, CHARTER seeks a reasonable attorney fee for the services rendered and to be rendered pursuant to the TCHRA and ADEA, which statutes allow for the recovery of attorney fees, costs and expenses.

### Administrative Prerequisites

CARTER has performed all conditions precedent to bringing this cause of action under the TCHRA and the ADEA. CARTER timely filed a charge of discrimination with

the Equal Employment Opportunity Commission [EEOC] and consequently, by deferral, with the Texas Commission on Human Rights [TCHR] on or about February 28, 2005, a time within one hundred-eighty (180) days from the date he learned of his termination. A copy of that charge is attached hereto as Exhibit "A". CARTER received a Notice of Right to Sue from the EEOC on or after September 6, 2005. The Notice of Right to Sue is attached hereto as Exhibit "B". CARTER received a Notice of Right to Sue from the TCHR a Notice of Right to Sue from the TCHR sometime on or after September 6, 2005.

CARTER timely filed this lawsuit.

## Jury Demand

CARTER demands a jury on issues to be tried in this matter and submits herewith the Jury Fee.

## Prayer

WHEREFORE, Plaintiff, MARVIN CARTER, requests that Defendants, AEP ENERGY SERVICES, INC., d/b/a AMERICAN ELECTRIC POWER and AEP TEXAS CENTRAL COMPANY, and AEP TEXAS NORTH COMPANY, d/b/a CENTRAL & SOUTHWEST CORP., be cited to appear and that upon final trial he be awarded judgment against Defendants for actual damages, punative damages, reasonable attorney's fees, costs of suit, pre-judgment interest and post-judgment interest at the highest legal rate, and such other and further relief, whether general or special, legal or equitable, to which he is justly entitled.

Respectfully submitted,
LEGER & BURKE, P.C.


D. John Leger
State Bar of Texas #12168000
5718 Westheimer , Suite 1525
Houston, Texas   77057-5832
Telephone:   (713) 781-5932
Telecopier:   (713) 781-4186

ATTORNEY FOR PLAINTIFF
MARVIN CARTER

# EXHIBIT "D"

# CIVIL DOCKET

CASE NO. 22,999

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |
|---|---|---|---|---|

22,999 — Marvin Carter vs. AEP Energy Services, Inc. et al.

Plf. — D. John Roper
Dft. — Otis Carroll

Mo. 12  Day 5  Year 2005

**FEE BOOK** — Vol. / Page

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT |
|---|---|---|---|---|
| Month | Day | Year | | |
| 12 | 28 | 05 | | Notice of Removal to Federal Court - Dfts |

MINUTE BOOK — Vol. / Page

PROCESS

Jury Fee, / Paid by / Jury No.

STATE OF TEXAS
COUNTY OF MORRIS
Certified to be a true and correct copy

Given Oryc, Clerk of Dist. Court
By _____ Deputy